T.C. Memo. 1996-493


UNITED STATES TAX COURT


PAGE G. STUART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6664-95.                    Filed November 4, 1996.


Page G. Stuart, pro se.

<u>Jillena A. Warner</u> and <u>Lynne A. Camillo</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Chief Special

Trial Judge Peter J. Panuthos pursuant to the provisions of

section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court

---

[1] All section references are to the Internal Revenue Code
in effect for the years in issue, unless otherwise indicated.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is presently before the Court on respondent's Motion for Summary Judgment.  As explained in greater detail below, we will grant respondent's motion.

<u>Background</u>

On March 22, 1995, respondent mailed a notice of deficiency to petitioner determining deficiencies in the amounts of $236,973 and $146,140 in petitioner's Federal income taxes for the taxable years 1992 and 1993, respectively.  In addition, respondent determined that petitioner is liable for the penalty for fraud under section 6663(a) in the amounts of $177,730 and $109,605 for the taxable years 1992 and 1993, respectively.

Petitioner filed a timely petition for redetermination with the Court on May 1, 1995.[2]

Respondent filed a timely answer to the petition which includes affirmative allegations in support of respondent's determination that petitioner is liable for the penalty for fraud for the taxable years in issue.  Petitioner failed to file a reply to respondent's answer within the 45-day period prescribed in Rule 37(a).  As a consequence, respondent filed a motion

---

[2]  At the time that the petition was filed, petitioner was incarcerated in a Federal prison in Lexington, Kentucky.

pursuant to Rule 37(c) requesting that the Court issue an order that undenied allegations in the answer be deemed admitted.  By order dated August 31, 1995, petitioner was notified of the filing of respondent's Rule 37(c) motion and was ordered to file a reply to respondent's answer.[3]  Petitioner failed to file a reply to respondent's answer, or otherwise respond to the Court's order.  Consequently, we granted respondent's Rule 37(c) motion, and the undenied allegations set forth in respondent's answer were deemed to be admitted.  See Doncaster v. Commissioner, 77 T.C. 334, 336 (1981); Gilday v. Commissioner, 62 T.C. 260, 261 (1974).

As indicated, respondent now moves for summary judgment with respect to petitioner's liability for the deficiencies and penalties set forth in the notice of deficiency.  Petitioner was notified that respondent's motion was calendared for hearing at the motions session of the Court in Washington, D.C.  In addition, the Court issued an order directing petitioner to file a written response to respondent's motion.  Petitioner did not respond to the Court's order.

Counsel for respondent appeared at the hearing and presented argument in support of the motion.  No appearance was made by or

---

[3]  The Court's order dated Aug. 31, 1995, expressly advised petitioner of the potential consequences that would attend a failure to file a reply.

on behalf of petitioner at the hearing, nor did petitioner file a statement with the Court pursuant to Rule 50(c).[4]

Facts Deemed Admitted

During 1992 and 1993, petitioner earned wage income as a commercial truck driver and realized substantial income from the sale of illegal drugs.

On August 11, 1992, a Texas Highway Patrol officer stopped petitioner in his vehicle and, after obtaining petitioner's consent, searched petitioner's vehicle and found currency in the amount of $316,111.  Petitioner's vehicle and the $316,111 in currency were seized by, and forfeited to, the State of Texas.

During 1992 and 1993, the Organized Crime Drug Enforcement Task Force secured and executed warrants to search petitioner's residence in Nashville and other properties.  As a result of the execution of these search warrants, currency was discovered and seized on the dates and in the amounts as follows:

| Date | Amount |
|------|--------|
| 9/8/92 | $120,396 |
| 9/9/92 | 159,227 |
| 9/10/92 | 130,100 |
| 2/6/93 | 50,000 |
| 5/21/93 | 35,260 |
| 6/3/93 | 315,000 |

---

[4] Petitioner was reminded of Rule 50(c) in the Court's order.  Petitioner was advised that he could submit a written statement in lieu of (or in addition to) attendance at the hearing.

All of the currency seized in this manner was in petitioner's possession and/or subject to petitioner's dominion and control at the time that it was seized.

During 1992, petitioner paid $26,000 in cash to a general contractor for work done on a residence located in Nashville, Tennessee.

During 1994, petitioner was convicted of Federal money laundering charges and was sentenced to 5 years in prison. At the same time, petitioner was convicted of conspiracy to distribute marijuana by the State of Tennessee.

Petitioner failed to maintain, or submit to respondent for examination, adequate books or records regarding the income that he derived from sales of illegal drugs during the years in issue. At the start of the 1992 taxable year and at all times during the 1992 and 1993 taxable years, petitioner neither had nor received any nontaxable or excludable income, receipts, cash, or other assets.

Petitioner realized income from sales of illegal drugs in the amounts of $751,823 and $400,260 during the taxable years 1992 and 1993, respectively.

Petitioner filed individual Federal income tax returns for 1992 and 1993 reporting adjusted gross income (comprised of wage and interest income from a checking account) of $10,933 and $6,169, respectively. Petitioner failed to report any income and/or expenses from illegal drug sales on his 1992 and 1993 tax

returns.  Petitioner attempted to conceal the source and amount of the income that he realized from sales of illegal drugs by engaging in large cash purchases, acquiring assets through the use of nominees, and burying $315,000 in a cemetery.  During 1993, in an effort to avoid prosecution for his illegal activities, petitioner acquired a false driver's license from the State of California.

Petitioner fraudulently and with the intent to evade taxes filed income tax returns for 1992 and 1993 in which he omitted $751,823 and $400,260 in income from sales of illegal drugs, respectively.  The underpayments of tax required to be shown on petitioner's 1992 and 1993 income tax returns are due to fraud with intent to evade income tax.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988);

Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

The factual allegations deemed admitted under Rule 37(c) establish that petitioner failed to report income in the amounts of $751,823 and $400,260 from sales of illegal drugs on his 1992 and 1993 Federal income tax returns, respectively. Petitioner's forfeiture of seized currency does not prevent it from being included in his gross income. See, e.g., Gambina v. Commissioner, 91 T.C. 826 (1988). In addition, petitioner failed to maintain, or submit to respondent for examination, adequate books or records regarding the income and expenses relating to his illegal activities during the years in issue. At the start of the 1992 taxable year and at all times during the 1992 and 1993 taxable years, petitioner neither had, nor received, any nontaxable or excludable income, receipts, cash, or other assets. Consistent with these deemed admissions, it follows that respondent is entitled to summary judgment that petitioner is liable for the deficiencies in tax for 1992 and 1993 as set forth in the notice of deficiency.

Respondent also determined that petitioner is liable for the penalty for fraud under section 6663(a) for 1992 and 1993.

Section 6663(a) provides that, if any part of the underpayment of tax required to be shown on the return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment that is attributable to fraud.

Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Zell v. Commissioner, 763 F.2d 1139, 1142-1143 (10th Cir. 1985), affg. T.C. Memo. 1984-152; Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81, and cases cited therein. Respondent has the burden to prove fraud for each taxable year by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Fraud is a question of fact to be resolved upon consideration of the entire record and is never presumed. Estate of Pittard v. Commissioner, 69 T.C. 391, 400 (1977). Respondent's burden of proving fraud can be met by facts deemed admitted pursuant to Rule 37(c). Doncaster v. Commissioner, 77 T.C. at 337; see Marshall v. Commissioner, 85 T.C. 267, 272-273 (1985).

In the instant case petitioner is deemed to have admitted, pursuant to Rule 37(c), that he attempted to conceal the source and amount of the income that he realized from sales of illegal drugs in 1992 and 1993 by engaging in large cash purchases, acquiring assets through the use of nominees, and burying $315,000 in a cemetery. In addition, petitioner is deemed to have admitted that, in an effort to avoid prosecution for his illegal activities, he acquired a false driver's license from the

State of California.  Most importantly, petitioner is deemed to have admitted that he fraudulently and with the intent to evade taxes filed income tax returns for 1992 and 1993 in which he omitted $751,823 and $400,260 in income from sales of illegal drugs, respectively, and that the underpayments of tax required to be shown on his income tax returns for 1992 and 1993 are due to fraud with intent to evade income tax.

We hold that the facts deemed admitted pursuant to Rule 37(c) satisfy respondent's burden of proving fraud.  <u>Doncaster v. Commissioner</u>, 77 T.C. at 337.  Those facts constitute clear and convincing evidence that petitioner, fraudulently and with the intent to evade taxes known to be owing, failed to report the income that he derived from sales of illegal drugs during 1992 and 1993 and that the underpayment of taxes required to be shown on each of petitioner's 1992 and 1993 income tax returns is due to fraud.  Consequently, respondent is entitled to summary judgment that petitioner is liable for the penalty for fraud under section 6663(a) for the taxable years 1992 and 1993.

In order to reflect our conclusions herein,

<u>An order and decision granting</u>
<u>respondent's motion for summary judgment</u>
<u>will be entered</u>.